# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

WILLIAM JONES,          )
                            )
        Petitioner,     )
                            )
    v.                )       No. 4:12CV343 HEA
                            )
MICHAEL BOWERSOX    )
                            )
        Respondent.   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 28]. Respondent has filed his Response to the Court's Order to Show Cause. For the reasons set forth below, the Petition will be denied and dismissed.

### Background

Petitioner was charged with assault of a law enforcement officer in the second degree for causing injury to Officer Michael Weldon, and assault of a law enforcement officer in the third degree for causing physical contact with Officer Michael Hammond.   On September 9, 2009, police officers were approached by two women who informed them about a nearby domestic assault incident. These officers requested that additional officers respond to the area to address the report of these two women so that the original officers could complete the investigation of the case that they had been dispatched to investigate. When Officer Michael

Weldon and Officer Michael Hammond arrived, they went with the two women to investigate the domestic assault. As they were investigating the domestic assault at a residence, Petitioner entered the residence and seemed agitated. The officers asked Petitioner to step outside so that they could talk with him. While outside on the porch, Petitioner approached the officers in an aggressive and threatening manner. One of the officers grabbed Petitioner's arm and told him to place his hands behind his back so that he could be placed in handcuffs. Petitioner resisted the effort to handcuff him, and during the struggle, knocked Officer Weldon and himself over a railing and off the porch. After landing on the ground, Petitioner continued to struggle with Officer Weldon. Officer Hammond came down from the porch to assist Officer Weldon in securing petitioner. During the struggle, Officer Weldon received some cuts on his arm.

While in custody, Petitioner wrote four letters to the trial court. In the first letter, Petitioner stated that he was innocent, and that he was tazed during the encounter. In the second letter, Petitioner requested a plea offer.

Petitioner sent the third letter shortly before the trial court ordered a mental exam. In that letter, Petitioner alleged that the staff at the jail was trying to kill him, and that the jail was refusing to release him even though his family had posted his bond. Petitioner also asked for a 180-day disposition, and also indicated a willingness to take a two-year sentence.

In June 2010, Petitioner wrote a letter objecting to his anticipated return from the Department of Mental Health to the local jail and asking that he be sent to a different jail. In that letter, Petitioner also asked for the case to be dismissed based on not having his defense attorney present at the preliminary hearing and the report being written by an officer who was not present for the incident.

In August 2010, Petitioner entered a plea of guilty to amended charges. The State recommended a five year sentence, but Petitioner entered an open plea. The trial court sentenced Petitioner to six years and placed him on probation.

Petitioner violated the terms of his probation, and the trial court revoked his probation.

After the trial court had revoked Petitioner's probation, he wrote a letter asking to be released back on probation, but the trial court took no action on that request. In that letter, Petitioner did not request to set aside or vacate the plea.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted

with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

Pursuant to AEDPA, there is a one-year statute of limitations when a state prisoner petitions for federal habeas corpus relief. *King v. Hobbs,* 666 F.3d 1132,

1134–35 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which judgment becomes final, and the statute of limitations begins to run, differs based on the level of review sought by the petitioner. If the petitioner sought review in the "state court of last resort," then the Supreme Court has jurisdiction to review the appeal and judgment will be considered final 90 days after the conclusion of the direct criminal appeal in the state system. *Id.* (citing *Gonzalez v. Thayer,* 132 S. Ct. 641, 656 (2012)); *see also* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). On the other hand, should a state prisoner opt not to seek review in the "state court of last resort," then "the judgment becomes final on the date that the time for seeking such review expires." *Id.* (quoting *Gonzalez*, 132 S. Ct. at 646). Once judgment is final, the statute of limitations begins to run. *See* 28 U.S.C. § 2244(d)(1)(A).

## Statute of Limitations

The statute of limitations on a habeas petition is one year. 28 U.S.C. §2244(d)(1). It begins to run at the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A). The time for filing ends a year later. If a state post-conviction action or other collateral review is pending, the running of the time to file is tolled. 28 U.S.C. §2244(d)(2). Failure to file within one year requires dismissal of the

petition for writ of habeas corpus. See *Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003).

Under Missouri law, a notice of appeal must be filed within ten days of sentencing. Missouri Supreme Court Rules 30.01, 81.04. The trial court sentenced Petitioner on August 24, 2010. As such, any notice of appeal would have been due on September 3, 2010. Petitioner did not file a notice of appeal or otherwise seek direct review of his conviction. Because Petitioner did not timely file a notice of appeal, direct review concluded on September 3, 2010, making his habeas petition due on September 3, 2011, unless the time was tolled by the filing of a motion for collateral review. The record from the underlying case does not reflect the filing of any motion to set aside the plea during that time period, and, as such, Petitioner is not entitled to any tolling. Since September 3, 2011 was a Saturday, the habeas petition was actually due on September 6, 2011. The records of this Court reflect that the original petition was sent to the U.S. District Court for the Western District of Missouri where it was filed on December 16, 2011. Petitioner's original petition, therefore, was untimely. Petitioner has presented nothing to establish that the limitations period should be tolled.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir.2002). The pendency of postconviction review includes the time

between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, *Beery v. Ault,* 312 F.3d 948, 950 (8th Cir.2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. *Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir.2006). It is not pending, "between the date direct review concludes and the date an application for state post-conviction relief is filed." *Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir.2001). However, an inmate is not entitled to tolling for post-conviction actions filed after the limitations period has expired. *Cross Bey v. Gammon,* 322 F.3d 1012, 1014 (8th Cir.2003).

Petitioner has presented nothing to demonstrate to the Court that equitable tolling is required in this matter. As such, Petitioner's Petition is time barred.

## Certificate of Appealability

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Based on the record, and the law as discussed above, Petitioner has failed to demonstrate that jurists of reason would find it debatable that Petitioner has not

made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Petition for habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 28] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 31st day of March, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE